UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:12-0042** |
| | | **CIVIL NO. 6:13-3056** |
| **VERSUS** | * | **JUDGE HAIK** |
| **SHAWN RYAN THIBODEAUX** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by petitioner, Shawn Ryan Thibodeaux. [rec. doc. 64]. The Government has filed an Answer and a Memorandum in Opposition [rec. doc. 69], to which petitioner filed a Reply. [rec. doc. 70]. Petitioner is incarcerated at the Federal Correctional Complex in Coleman, Florida.

In the instant motion to vacate, petitioner asserts several claims for relief including a claim that he received ineffective assistance of counsel because his attorney, Randal P. McCann, failed to file a notice of appeal on his behalf.[1]

For the following reasons, the undersigned recommends that the **Clerk REINSTATE** petitioner's judgment of conviction and sentence on this court's docket as of **October 30, 2014**, that date representing the date from which the time for filing a notice of direct appeal shall run. **IT IS FURTHER RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Petitioner also asserts that he received ineffective assistance of counsel because counsel failed to challenge his convictions under 18 U.S.C. § 924(c) when there was only a single underlying offense, and failed to argue that his mandatory minimum sentence under § 924(c) could not be enhanced by the fact of a prior conviction without a jury under *Alleyne v. United States*, 2013 WL 2922116, - - U.S. - - , 133 S.Ct. 2151 (2013).

## STATEMENT OF CLAIM

On November 27, 2012, pursuant to a plea agreement, petitioner plead guilty to Counts Seven, Ten and Twelve of a multi-count Indictment charging petitioner with carrying a forearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1), respectively. [rec. docs. 46 and 48].

Following preparation of a Pre-Sentence Investigation Report, on April 18, 2013, petitioner was sentenced to 5 years imprisonment on Count Seven, 40 years imprisonment on Count 10 and 25 years imprisonment on Count Twelve, the sentences to run consecutively. [rec. docs. 53, 54]. Judgment was entered on the Court's docket on April 19, 2013.

The instant § 2255 motion was mailed by petitioner on November 6, 2013 and filed by the Clerk of this Court on November 12, 2013.

Petitioner contends that at the conclusion of the sentencing hearing, he asked his attorney, Randal P. McCann, to appeal his sentence. In response, Mr. McCann allegedly promised that he would. However, he later discovered that no Notice of Appeal was ever filed by Mr. McCann on his behalf. In support of his allegations, Thibodeaux has submitted his Unsworn Declaration under the Penalty of Perjury pursuant to 28 U.S.C. § 1746. [rec. doc. 64-2].

In Opposition, the government has presented the Affidavit of Randal P. McCann. In his affidavit, Mr. McCann states that Thibodeaux did not ask for an appeal, but that if one had been requested, Mr. McCann would have filed the proper Notice. Mr. McCann further states that he and Thibodeaux never discussed the filing of an appeal. [rec. doc. 69-2].

In *Roe v. Flores-Ortega*, the United States Supreme Court set forth the standards applicable to a claim of ineffective assistance of counsel due to counsel's failing to file a notice of appeal. When discussing the first *Strickland* inquiry, whether counsel's performance was deficient, the Court reaffirmed that a "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe*, 120 S.Ct. at 1035 *citing Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) and *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). Moreover, the Court reaffirmed that "at the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id. citing Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). For cases that lie between those poles, that is, where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, an antecedent question must be answered, specifically, "whether counsel in fact consulted with the defendant about an appeal." *Id*. The term "consult" was defined in this context

as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

Based on the record before the Court, an evidentiary hearing on this issue was set for October 16, 2014, and Federal Public Defender Wayne J. Blanchard was appointed to represent petitioner. [rec. doc. 71 ].

The parties have advised the Court that the government agrees that petitioner is entitled to an out-of-time appeal. Accordingly, they requested that the hearing be canceled.

Given the agreement of counsel, fact that petitioner's specific testimony is that he requested McCann to appeal and the fact that McCann states he and Thibodeaux never discussed the filing of an appeal, and the strong favor the law provides for the right of appeal, the undersigned recommends that petitioner be granted a remedy herein.

**Remedy**

In *Roe*, the United States Supreme Court reaffirmed it's prior holdings regarding the proper remedy when a criminal defendant is deprived of a direct appeal as a result of his counsel's constitutionally deficient performance. In such circumstances, the criminal defendant is entitled to a direct appeal. *Roe-Flores*, 120 S.Ct. at 1035 citing *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"), and at 1039 ("we hold that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise

would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.").

With respect to the procedure for implementing that remedy on a §2255 motion to vacate, the Fifth Circuit has set forth specific instructions. Focusing on a claim of ineffective assistance of counsel due to counsel's failure to file a direct appeal on behalf of a criminal defendant, and noting that the other grounds raised within the §2255 motion could be resolved on direct appeal, the Fifth Circuit instructed the district court as follows:

> [T]he § 2255 petition is to be dismissed without prejudice. Mack's judgment of conviction is then to be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run.

*Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981).

The Fifth Circuit reaffirmed that procedure finding the *Mack* court's instructions "binding precedent." *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001). Noting the distinction between the statutory remedy set out in § 2255 and judicial remedy crafted in *Mack*, the court articulated that the Fifth Circuit's judicial remedy of granting an out-of-time-appeal by re-entering the criminal judgment on the district court's docket provides the same result as the statutory remedy requiring the judgment be vacated and the defendant be re-sentenced. *Id.* at 460. Moreover, the court again noted that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice . . . ." *Id*. *See also United States v. Rivas*, 450 Fed. Appx. 420,

429-430 (5th Cir. 2011) *citing West,* and *Mack, supra.* (instructing the district court to "re-enter the judgment of conviction to trigger the new time period for filing an appeal"and to dismiss without prejudice the defendant's § 2255 motion)*; United States v. Camargo*, 119 Fed. Appx. 670, 672 (5th Cir. 2005) *citing West*, 240 F.3d at 459-460 (instructing the district court to "reinstate the criminal judgment on the docket in order for [the defendant] to file an out-of-time appeal" and to dismiss without prejudice the defendant's § 2255 motion); *United States v. Martinez-Carrillo*, 91 Fed. Appx. 353, 354 (5th Cir. 2004) (same).

In light of the above, petitioner's judgment of conviction and sentence should be re-instated on the docket of this court on a date to be fixed, from which the time of the appeal shall run, and that the instant petition should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the **Clerk REINSTATE** petitioner's judgment of conviction and sentence on this court's docket as of **October 30, 2014**, that date representing the date from which the time for filing a notice of direct appeal shall run. **IT IS FURTHER RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 29th day of September, 2014.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE