RECEIVED
IN LAKE CHARLES, LA

DEC 22 2016

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 2:12-CR-00042 |
|---|---|---|
| v. | * | |
| | * | JUDGE MINALDI |
| SHAWN R. THIBODEAUX | * | |
| | * | MAGISTRATE JUDGE HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 89) filed by the petitioner, Shawn R. Thibodeaux. The government filed a Response in Opposition (Rec. Doc. 94). Because the petitioner's Motion to Vacate is time-barred and procedurally barred, the court will **DISMISS** it **WITH PREJUDICE.**

### FACTS & PROCEDURAL HISTORY

On November 27, 2012, the court accepted the petitioner's guilty plea of carrying a firearm during commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count 7), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count 10), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1) (count 12).[1] On April 18, 2013, the petitioner was sentenced to five years of imprisonment on count 7, ten years of imprisonment on count 10, and twenty-five years of imprisonment on count 12, to run consecutively for a total of 40 years.[2] Approximately seven months later, the petitioner filed a *pro se* § 2255 motion to vacate the sentence because his

---

[1] Plea Agreement (Rec. Doc. 48).

[2] Judgment as to Shawn R. Thibodeaux (Rec. Doc. 54).

1

attorney failed to appeal the sentence.[3] On October 24, 2014, the district court reinstated the petitioner's judgment of conviction and sentence, making October 31, 2014 the date from which the time for filing a notice of direct appeal would run.[4] The court also dismissed without prejudice, the § 2255 motion to vacate.[5] On November 12, 2014, the petitioner filed a direct appeal to the Fifth Circuit Court of Appeals, arguing that the district court erred when it did not explicitly tell him that the sentences must run consecutively during his guilty plea. On June 25, 2015, the Fifth Circuit affirmed the conviction and sentence of the district court, finding that the district court did not commit plain error.[6]

On September 26, 2016,[7] the petitioner filed a § 2255 Motion to Vacate, raising two grounds for relief: (1) the court lacked subject-matter jurisdiction over Count 12 of the indictment; and (2) the court was not authorized to impose a 25 year sentence on Count 12 of the indictment.[8] Neither of these grounds were raised on direct appeal.

## LAW & ANALYSIS

### I. Statute of Limitations

Under 28 U.S.C. § 2255, the defendant has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). "For § 2255(f)(1), '[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (quoting *Clay v.*

---

[3] Motion (Rec. Doc. 64).

[4] Judgment (Rec. Doc. 79).

[5] Judgment (Rec. Doc. 79).

[6] Judgment of USCA (Rec. Doc. 84).

[7] The petitioner placed his § 2255 Motion in the prison mailing system on September 26, 2016, which serves as the date of filing under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[8] Motion to Vacate (Rec. Doc. 89).

2

*United States*, 537 U.S. 522, 527 (2003)). Because the petitioner did not file a certiorari petition, the statute of limitation's for any § 2255 claims would begin to run when the time for filing a certiorari petition expires, which is 90 days from the time the judgment was entered. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (citing Supreme Court Rule 13(3)).

Here, the petitioner's 90-day period started on June 25, 2015, the date the Fifth Circuit issued its ruling affirming Thibodeaux's conviction. Therefore, the petitioner's judgment of conviction became final on September 23, 2015, and the statute of limitations for his § 2255 motion expired on September 23, 2016. The petitioner did not file his § 2255 motion until September 26, 2016. His § 2255 motion is time-barred because it was filed 3 days after the statute of limitations expired.[9]

## II. Procedural Bar

Additionally, even if the petition had been timely filed, Thibodeaux's claims would be procedurally barred because he did not raise them on direct appeal. When "a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *United States v. Logan*, 135 F.3d 353, 355 (5th Cir.1998)). The petitioner does not argue that he is actually innocent.

Thibodeaux conclusively explains that he did not raise these two grounds for relief on direct appeal because of ineffective assistance of counsel.[10] "A defendant may show 'cause' by

---

[9] The petitioner does not argue that equitable tolling applies, and because the petitioner has the burden of establishing equitable tolling, the court will not address it.

[10] Motion to Vacate (Rec. Doc. 89), pp. 5, 7.

proving ineffective assistance of counsel in violation of the Sixth Amendment of the Constitution." *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). However, Thibodeaux makes no offer of proof or explanation for why his appeal's counsel was ineffective beyond reciting the words "ineffective assistance of counsel." Therefore, he has not shown "cause" for why the issues were not raised on direct appeal, and he has not overcome the procedural bar.

## CONCLUSION

Because the petitioner's § 2255 motion is both time-barred and procedurally barred, the court will **DISMISS WITH PREJUDICE** the Motion to Vacate (Rec. Doc. 89).

Lake Charles, Louisiana, this 19 day of Dec, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE