UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:12-CR-00042-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHAWN R. THIBODEAUX (01)** | **MAGISTRATE JUDGE HANNA** |

## RULING

Before the Court is a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"), filed by pro se Defendant, Shawn R. Thibodeaux.[1] The Government opposes the motion.[2] For the reasons that follow, the motion is DEFERRED.

### I.
### BACKGROUND

In 2012, Thibodeaux pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and two counts of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).[3] On April 18, 2013, Thibodeaux was sentenced to forty years of imprisonment—ten years for the narcotics offense, five years for the first firearm offense and twenty-five years for the second firearms offense, with all sentences to run consecutively.[4] On June 25, 2015, the Fifth Circuit affirmed Thibodeaux' conviction and sentence.[5] Thibodeaux' projected release date from the

---

[1] ECF No. 103; *see also* ECF Nos. 113, 114.
[2] ECF No. 112.
[3] ECF No. 1 (Counts 7, 10 and 12); ECF No. 46.
[4] ECF Nos. 54, 63.
[5] ECF No. 84.

Bureau of Prisons ("BOP") is June 24, 2046.[6] Thibodeaux now asks that his term of imprisonment be modified pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.
## APPLICABLE LAW

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, which permits courts to modify an imposed term of imprisonment if, *inter alia*, "extraordinary and compelling reasons" exist. *Id.* at § 3582(c)(1)(A)(i). Prior to the First Step Act, courts could reduce a term of imprisonment for "extraordinary and compelling reasons," but *only* if such a motion was brought by the Bureau of Prisons ("BOP").[7] With the passage of the First Step Act, federal prisoners may now petition courts directly for reduction of their sentences after exhausting administrative remedies. As amended, the statute now permits a court to reduce a term of imprisonment at the request of a defendant when the following criteria are met: (1) extraordinary and compelling reasons warrant a reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission[8]; and (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."[9]

---

[6] *See* https://www.bop.gov/inmateloc/ (last visited April 5, 2022).
[7] *United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. 2021); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).
[8] Congress tasked the U.S. Sentencing Commission with "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The only restriction Congress imposed was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission complied with this Congressional directive in 2006, when it promulgated its policy statement for compassionate release at U.S.S.G. § 1B1.13. The Commission has "not yet adopted a new statement to implement the [First Step Act]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021) (quoting *Shkambi* at 392). In *Shkambi*, the Fifth Circuit held that U.S.S.G. § 1B1.13 applies only to motions brought by the Director of the Bureau of Prisons, and not to motions filed by prisoners on their own behalf. 993 F.3d 388, 388 & 393. Consequently, neither § 1B1.13 "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *Id.*
[9] 18 U.S.C. § 3582(c)(1)(A); *see also Jackson*, 27 F.4th at 1089.

The First Step Act made an additional change in the law relevant to Thibodeaux—namely, the Act made a monumental change to sentencing calculations under 18 U.S.C. § 924(c). Section 924(c) mandates a five-year mandatory minimum sentence for carrying a firearm "during and in relation to" a drug trafficking crime. For a "second or subsequent conviction," the statute mandates a consecutive, 25-year minimum sentence. In 1993, the Supreme Court determined that the phrase "second or subsequent conviction" triggered the 25-year minimum sentence even if the first 924(c) conviction was obtained in the same case.[10] Thus, a defendant, such as Thibodeaux, was subjected to the 25-year enhancement on each additional 924(c) charge, "even though the first conviction [was] part of the same indictment and/or the same course of conduct."[11] For twenty-five years following *Deal*, the courts "stacked" consecutive sentences for § 924(c) gun charges in this manner.[12] The First Step Act ended this practice. Section 403 of the First Step Act—entitled "Clarification of section 924(c)"—revised section 924(c) by providing that the higher penalty for a "second or subsequent count of conviction" is triggered only if the defendant has a prior 924(c) conviction that "has become final."[13] Stated differently, "[u]nder § 403 of the First Step Act, . . . the 25-year mandatory minimum is 'reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.'"[14] However, the changes to 924(c) were not made retroactive.[15]

---

[10] *Deal v. United States*, 508 U.S. 129, 132 (1993).
[11] *United States v. Charles*, 62 F.3d 395, *5 (5th Cir. 1995) (citing *Deal* at 133 n. 1).
[12] The practice actually appears to have begun in 1987 with the Eleventh Circuit's decision in *United States v. Rawlings*, 821 F.2d 1543 (11th Cir. 1987). Other circuits quickly followed suit. *See United States v. Deal*, 954 F.2d 262, 263 (5th Cir. 1992) (collecting cases), *aff'd*, 508 U.S. 129 (1993). The Fifth Circuit first adopted the Eleventh Circuit's approach in its decision in *United States v. Deal*, issued on February 7, 1992.
[13] 18 U.S.C. § 924(c)(1)(C); 132 Stat. 5194 at § 403; *see also United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).
[14] *McCoy* at 275 (quoting *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020)).
[15] *See* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194 (2018); *see also United States v. Davis*, 139 S.Ct. 2319, 2324 n.1 (2019); *United States v. Ross*, 793 Fed.Appx. 334 (5th Cir. 2020).

## III.
### Discussion[16]

As to the first prong of the compassionate release test, Thibodeaux argues his fear of future health complications due to COVID-19, and the "gross disparity" between his stacked sentence and the sentence he would likely receive today under current law constitute "extraordinary and compelling reasons" warranting a sentence reduction.[17] The Government responds that neither reason is sufficient to show extraordinary and compelling reasons. Alternatively, the Government argues the Court should deny compassionate release because the 18 U.S.C. § 3553(a) factors counsel against a reduction of sentence.[18]

As to the first argument, Thibodeaux claims he contracted COVID-19 due to BOP staff's refusal to wear masks. Thibodeaux argues this conduct violates the Eighth Amendment to the United States Constitution, because it constitutes "deliberate indifference."[19] He further expresses a generalized fear "of future complications to his heart, lungs, and overall health" due to his previous illness.[20] The Government contends that "BOP medical records reflect the defendant has been fully vaccinated against COVID-19, thereby "significantly diminish[ing] his risk of contracting COVID-19 again."[21] It further notes Thibodeaux "does not claim and his medical records do not show a serious medical condition that would be considered an increased risk for severe illness."[22] The Court agrees that Thibodeaux has identified no underlying condition that

---

[16] The government agrees that Thibodeaux has exhausted his administrative remedies. ECF No. 112 at 3.
[17] ECF No. 103 at 3; ECF No. 113 at 10; *see also* ECF No. 103 at 2, 5.
[18] ECF No. 112 at 1.
[19] ECF No. 103 at 4-5.
[20] ECF No. 103 at 3.
[21] ECF No. 112 at 1, 8. Although the government has not provided evidence in support of this argument, Thibodeaux does not contest his vaccination status in his reply briefs.
[22] ECF No. 112 at 10. Thibodeaux does not contest this argument in his reply briefs.

would put him at higher risk of severe illness were he to contract COVID again.[23] Further, Thibodeaux is fully vaccinated, and therefore his risk of serious illness or death from COVID-19 is substantially reduced.[24] Finally, the Court finds Thibodeaux' Eighth Amendment claim to be without merit.[25] For these reasons, the Court finds Thibodeaux' generalized fear of contracting COVID-19 does not constitute an "extraordinary and compelling" reason warranting compassionate release.[26]

However, the Court finds Thibodeaux' second argument—the severity of his § 924(c) sentences—could conceivably constitute an "extraordinary and compelling" reason justifying a sentence reduction.[27] While the Government argues that sentencing disparities based on "routine amendments to sentencing statutes"[28] do not constitute extraordinary or compelling reasons warranting compassionate release, that is an open question in this Circuit.[29] However, Thibodeaux has failed to provide the Court with sufficient information to conduct a full analysis under § 3582(c). Accordingly, on or before June 10, 2022, Thibodeaux is to submit any evidence he has in

---

[23] The Court notes there currently are six confirmed cases of COVID among inmates at Victorville II, and eight cases among staff. *See* https://www.bop.gov/coronavirus/ (last visited April 7, 2022).
[24] *See e.g.* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html#:~:text=Fully%20vaccinated%20people%20with%20a,symptoms%20than%20in%20unvaccinated%20people (last visited April 7, 2022).
[25] *See e.g. Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020) ("The 'incidence of diseases or infections, standing alone,' do not 'imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks.'") (quoting *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009)).
[26] *See e.g. United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (inmate's health conditions, which included hypertension and high cholesterol and thereby placed him at higher risk of severe symptoms from COVID, were not sufficiently "extraordinary" such that compassionate release was warranted); *U.S. v. Love*, 853 Fed.Appx. 986, 987 (5th Cir 2021).
[27] For a more detailed recitation of the Court's opinion on this issue, *see United States v. Smith*, 5:91-CR-50088-01, 2021 WL 4555257, at *2-4 (W.D. La. Oct. 5, 2021).
[28] ECF No. 112 at 12.
[29] *See e.g. United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021) ("We leave for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to [defendant's] § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence.")

support of his motion for compassionate release. The Court encourages Thibodeaux to supply, at a minimum, his "Summary Reentry Plan – Progress Report," Disciplinary Record, and Inmate Education Data Transcript. On or before July 1, 2022, the Government may file any response.

For these reasons, the Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is DEFERRED.

SIGNED this 8th day of April, 2022.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE